IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| EDUARDO PEREZ | § | |
| --- | --- | --- |
| v. | § | CIVIL ACTION NO. 6:09cv226 |
| | | (Crim. No. 6:05cr20-4) |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Movant Eduardo Perez, proceeding through counsel, filed this motion to vacate or correct his sentence under 28 U.S.C. §2255 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

On October 10, 2007, Perez was sentenced to 121 months in prison and five years of supervised release after being found guilty at trial on two counts of possession of marijuana with intent to distribute. Perez filed a notice of appeal, and on December 21, 2007, the appeal was dismissed for want of prosecution, in that Perez had failed to timely order the transcripts and to make financial arrangements with the court reporter.

On January 21, 2009, thirteen months later, Perez filed a motion to reinstate the case. This motion was denied by the Fifth Circuit on March 25, 2009. Perez's motion to vacate his sentence was filed on May 14, 2009.

The Magistrate Judge ordered the Government to answer Perez's motion, and the Government filed a response saying that Perez's motion was barred by the statute of limitations set out in 28 U.S.C. §2255. Perez filed a response to this motion stating that the last action taken by the Fifth Circuit was taken on March 25, 2009, and so the limitations period should run from that date.

1

Perez also said that the lack of signature on his motion to vacate was an error which was immediately corrected and that the Court has the power to consider matters which are not verified.

After review of the pleadings, the Magistrate Judge issued a Report on September 25, 2009, recommending that the motion be denied as filed outside of the statute of limitations. The Magistrate Judge noted that under the statute, the limitations period runs from the latest of four dates, these being the date of finality of the conviction, the date on which an impediment to making the motion created by government action is removed, the date on which the right asserted was initially recognized by the Supreme Court if this right has been newly recognized and made retroactive, or the date on which the facts supporting the claim could have been discovered through the exercise of due diligence.

The Magistrate Judge observed that Perez's appeal was dismissed by the Fifth Circuit on December 21, 2007, and that Perez did not seek certiorari from this dismissal. Accordingly, the Magistrate Judge stated that Perez's conviction became final on March 20, 2008, at the expiration of the time in which he could have sought certiorari. Consequently, the Magistrate Judge determined that Perez's limitations period expired on March 21, 2009, but that because this date was a Saturday, the last date upon which Perez could have filed his motion to vacate was March 23, 2009. However, the petition was actually filed on May 13, 2009, almost seven weeks too late.

The Magistrate Judge rejected Perez's contention that the limitations period should begin to run on March 25, 2009, when the Fifth Circuit rejected his motion to reopen the appeal. The Magistrate Judge stated that a motion to reinstate an appeal, filed over a year after the appeal has been determined, which motion to appeal is denied, does not re-set the date of finality of the underlying conviction. The Magistrate Judge adopted the reasoning of the district court in U.S. v. Black, civil action no. 3:04cv547 (M.D.Ala., August 31, 2006) (unpublished) (available on WESTLAW at 2006 WL 2547339), in which that court held that any defendant who fails to appeal or collaterally attack his sentence in a timely manner could extend the limitations period endlessly simply by filing out-of-time appeal motions and appealing the rulings denying these motions.

2

Similarly, the Magistrate Judge said, Perez cannot extend the limitations period, which had begun to run upon the expiration of the time to seek certiorari, simply by filing a motion to reinstate the appeal.

The Magistrate Judge went on to determine that Perez had shown no other basis upon which to extend the commencement of the limitations period, nor any basis to apply the doctrine of equitable tolling. As a result, the Magistrate Judge recommended that Perez's motion to vacate be denied and that Perez be denied a certificate of appealability *sua sponte*.

Perez filed objections to the Magistrate Judge's Report on October 22, 2009. In these objections, Perez again says that the "last action" of the Fifth Circuit was the refusal to reopen his appeal. He seeks to distinguish the cases cited by the Magistrate Judge by saying that he was "merely trying to remedy the problems with the appeal," and that if the 63 days that the motion for reinstatement are not counted, his petition is timely.

However, Perez overlooks the fact that the limitations does not begin to run upon the date of the last action by the appellate court, but rather upon the date that the conviction becomes final. In this case, as the Magistrate Judge observed, Perez's conviction became final upon the expiration of the time in which to seek certiorari; he cites no authority to show that in fact, the filing of a motion to reinstate the appeal, which motion is denied, changes the date of finality of the conviction or otherwise re-starts the limitations clock. Although Perez says that his motion to reinstate the appeal was done "simply to correct the problems with the appeal," he does not explain the 13-month delay between the dismissal of his appeal and the filing of the motion to reinstate. Perez's contention on this point is without merit.

Next, Perez says that although his motion to vacate was originally filed unsigned, this error was corrected immediately. This is correct; however, the unsigned copy was received by the Court on May 13, 2009, and so even if the limitations period is counted from this date, rather than the date of receipt of the signed copy, Perez's motion was still filed outside of the limitations period.

Third, Perez says that even if the Court dismisses his motion, a certificate of appealability should still be issued because this is Perez's first such motion and "should not be dismissed lightly." The Court is aware that dismissals of such motions, particularly the first such motion filed by a movant, is a serious matter, *see* Lonchar v. Thomas, 517 U.S. 314, 324 (1996). However, the Supreme Court has stated in the context of habeas corpus that when the district court denies a petition on procedural grounds without reaching the underlying claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 120 S.Ct. 1595, 1604 (2000).

In this case, as the Magistrate Judge said, reasonable jurists would not find it debatable whether the district court was correct in its procedural ruling that the motion to vacate is barred by the statute of limitations. For this reason, Perez is not entitled to a certificate of appealability.

The Court has conducted a careful *de novo* review of the pleadings in this case, including the motion to vacate, the response of the Government, the Movant's response thereto, the Report of the Magistrate Judge, the Movant's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Movant's objections are without merit. It is accordingly

ORDERED that the Movant's objections are overruled and that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled motion to vacate or correct sentence be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Movant Eduardo Perez is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

4

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 26th day of October, 2009.**

**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**